# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> TROY VAN CAM, <br><br> Debtor. | NO. 14-10647 <br><br> Chapter 13 <br><br><br> Honorable Judge Jacqueline P. Cox |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on July 27, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Janet S. Baer in Courtroom 680 at the **Dirksen Federal Building**, 219 S. Dearborn, Chicago, Illinois and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION AGAINST CITIMORTGAGE, INC.**, at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, via First Class U.S. mail all parties on the service list on July 16, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:  /S/ PAUL M. BACH
Paul M. Bach, Esq.
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181

1

## SERVICE LIST

**Troy Van Cam**
4638 N. Racine Avenue, Unit 3
Chicago, Illinois 60640

**Tom Vaughn**
55 East Monroe Street, Suite 3850
Chicago, Illinois 60603

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**CitiMortgage, Inc.**
C/O RA CT Corporation System
208 S. LaSalle Street Suite 814
Chicago, Illinois 60604

**Sanjiv Das, President**
CitiMortgage, Inc.
399 Park Avenue
New York, NY 10022

**Jeffrey L. Boyher, Secretary**
CitiMortgage, Inc.
1000 Technology Drive
O'Fallon MO 63368

**Jose G Moreno**
Codilis & Associates
15W030 N Frontage Road
Suite 100
Burr Ridge, IL 60527

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> TROY VAN CAM, <br><br> Debtor. | NO. 14-10647 <br><br> Chapter 13 <br><br><br><br> Honorable Judge Jacqueline P. Cox |

## DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION AGAINST CITIMORTGAGE, INC.

NOW COMES, TROY VAN CAM ("Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd., bringing this Motion Seeking Sanctions Pursuant to Fed. R. Bankr. P. 9020 for Civil Contempt for Violations of the Discharge Injunction against CitiMortgage, Inc. ("CitiMortgage") and in support thereof, states:

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 13 case under Title 11.

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtor consents to the entry of a final order by the Bankruptcy Judge.

3

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

**PARTIES**

4. Troy Van Cam was a Debtor under Chapter 13 of Title 11 of the United States Code in Case Number 14-10647 filed March 24, 2014.

5. At all times relevant to the action, CitiMortgage was and is a New York Corporation with its principal place of business in New York, New York. CitiMortgage conducts and transacts business in the State of Illinois.

**CITIMORTAGE'S WILLFUL POST-DISCHARGE VIOLATIONS OF 11 U.S.C. §524(A)(2)**

6. On or about March 4, 2005, the Debtor executed a Promissory Note in favor of ABN AMRO Mortgage Group, Inc ("ABN AMRO"). On the same date, Debtor executed a Mortgage that secured the Promissory Note against a piece of real property (hereinafter called "the subject loan"). ABN AMRO merged into CitiMortgage in 2007.

7. The subject loan was related to the real property commonly known as 500 NE 2nd Street, Unit #208, Dania Beach, Florida 33004 (hereinafter called the "subject property"). *See* Exhibit A, a true and correct copy of the mortgage with ABN AMRO as the Mortgagee.

8. On March 24, 2014, Debtor filed a petition for bankruptcy relief under Chapter 13 of the U.S. Bankruptcy Code.

9. Debtor named ABN AMRO and CitiMortgage as one creditors in the bankruptcy filing. CitiMortgage and ABN AMRO received notice of Debtor's bankruptcy filing. *See* Exhibit B, a true and correct copy of the March 25, 2014 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines which was served by the Bankruptcy Noticing Center upon ABN AMRO and CitiMortgage on March 27, 2014.

10. On March 24, 2014, the Debtor filed a Chapter 13 Plan which was served upon ABN AMRO and CitiMortgage, Inc. by the Bankruptcy Noticing Center on March 27, 2014. *See* Exhibit C, a true and correct copy of the March 25, 2014, Chapter 13 Plan and Proof of Mailing on March 27, 2014, by the Bankruptcy Noticing Center.

11. The April 6, 2014, Chapter 13 Plan proposed to pay $702.00 per month to the Chapter 13 Trustee for six months with the subject real estate being surrendered in full satisfaction of any claim of ABN AMRO/CitiMortgage. *Id.*

12. On May 14, 2014, the Debtor filed a first modified Chapter 13 Plan which was served by the Bankruptcy Noticing Center upon ABN AMRO/CitiMortgage, Inc. on May 17, 2014. *See* Exhibit D, a true and correct copy of the May 14, 2014, Chapter 13 Plan and Proof of Mailing on May 17, 2014, by the Bankruptcy Noticing Center.

13. The May 14, 2014 Chapter 13 Plan proposed to pay $702.00 per month to the Chapter 13 Trustee for six months with the subject real estate being surrendered in full satisfaction of any claim of ABN AMRO/CitiMortgage. *Id.*

14. On June 5, 2014, the Debtor filed a second modified Chapter 13 Plan which was served by the Bankruptcy Noticing Center upon ABN AMRO/CitiMortgage, Inc. on June 8, 2014. *See* Exhibit E, a true and correct copy of the June 5, 2014, Chapter 13 Plan and Proof of Mailing on June 8, 2014, by the Bankruptcy Noticing Center.

15. The June 5, 2014, Chapter 13 Plan proposed to pay $702.00 per month to the Chapter 13 Trustee for six months with the subject real estate being surrendered in full satisfaction of any claim of ABN/AMRO/CitiMortgage. *Id.*

16. On June 9, 2014, Judge Janet S. Baer confirmed the second modified Chapter 13 Plan attached as Exhibit E. *See* Exhibit F, a true and correct copy of the Order Confirming Plan.

17. The second Modified Chapter 13 Plan filed on June 5, 2014 which was confirmed contained the following provision in Section G, paragraph two:

    Debtor is surrendering the real property located at 500 NE 2nd Street, Unit#208, Dania, Florida ABN AMRO Bank N.V. /CitiMortgage, Inc. in full satisfaction of their claims.

18. ABN AMRO and/or CitiMortgage, Inc. did not file a Proof of Claim or Object to Confirmation of the Chapter 13 Plan that was confirmed.

19. On August 13, 2014, CitiMortgage, through its counsel Jose Moreno, filed an Entry of Appearance and Request for All Notices. *See* Exhibit G, a true and correct copy of the Filed Entry of Appearance and Request for All Notices.

20. On August 18, 2014, CitiMortgage, Inc. sent a statement for the subject loan even though the Automatic Stay was in effect. *See* Exhibit H, a true and correct copy of the statement dated August 18, 2014 demanding payment of $611.22 by September 1, 2014.

21. On October 30, 2014, CitiMortgage, through its counsel, filed its Motion to Modify the Automatic Stay to proceed with the foreclosure. The Motion acknowledged the Confirmed Plan and intent to surrender the subject property. *See* Exhibit I, a true and correct copy of CitiMortgage's Motion to Modify the Automatic Stay filed in the bankruptcy case.

22. On November 10, 2014, the Bankruptcy Court granted Wells Fargo's Motion, permitting Wells Fargo to proceed with the foreclosure of the subject property. *See* Exhibit J, a true and correct copy of the Order Granting Relief from Automatic Stay.

23. The Debtor fully performed his duties as set forth in their confirmed Chapter 13 Plan.

24. On January 5, 2015, CitiMortgage, Inc. sent the Debtor a letter which stated that forced placed insurance was being purchased and would be charged to the Debtor. *See* Exhibit K, a true and correct copy of the letter from CitiMortgage, Inc. to the Debtor dated January 5, 2015.

25. On January 29, 2015, Chapter 13 Trustee, Tom Vaughn, filed a Notice of Completion of Plan Payments.

26. On February 11, 2015, Debtor received his bankruptcy discharge. *See* Exhibit L, a true and correct copy of the February 11, 2015, Discharge of Debtor after Completion of Chapter 13 Plan and Proof of Mailing on February 13, 2015, by the Bankruptcy Noticing Center.

27. Both ABN AMRO and CitiMortgage, Inc. received notice of the automatic stay and the discharge. *Id.*

28. On March 18, 2015, Phelan Hallinan Diamond & Jones, PLLC sent the Debtor a letter by First Class Mail demanding payment of $98,984.80 on behalf of CitiMortgage, Inc. *See* Exhibit M, a true and correct copy of the letter from Phelan Hallinan Diamond & Jones, PLLC on behalf of CitiMortgage, Inc. to the Debtor dated March 19, 2015.

29. On May 19, 2015, CitiMortgage, Inc. sent a letter by First Class Mail demanding payment of Real Estate Taxes in the amount of $1,590.91. *See* Exhibit N, a true and correct copy of the letter dated May 19, 2015 demanding payment of real estate taxes of $1,590.91.

30. On June 22, 2015, CitiMortgage, Inc. sent a letter by First Class Mail again demanding payment of Real Estate Taxes in the amount of $1,590.91. *See* Exhibit O, a true and

correct copy of the letter dated June 22, 2015 demanding payment of real estate taxes of $1,590.91.

31. CitiMortgage, Inc. contacted Debtor on the following dates and times from telephone number (877) 557-4779:

 (1)  November 19, 2014 at 1:03 p.m.;

 (2)  December 8, 2014 at 4:02 p.m.;

 (3)  December 16, 2014 at 2:00 p.m.;

 (4)  December 22, 2014 at 1:27 p.m.;

 (5)  December 30, 2014 at 7:08 p.m.;

 (6)  January 6, 2015 at 1:35 p.m.;

 (7)  January 14, 2015 at 1:07 p.m.;

 (8)  January 20, 2015 at 1:12 p.m.;

 (9)  January 28, 2015 at 1:08 p.m.;

 (10)  February 4, 2015 at 1:08 p.m.;

 (11)  February 10, 2015 at 1:17 p.m.;

 (12)  February 17, 2015 at 2:24 p.m.;

 (13)  March 2, 2015 at 1:41 p.m.;

 (14)  March 16, 2015 at 1:31 p.m.

 (15)  April 21, 2015 at 2:46 p.m.

 (16)  April 27, 2015 at 12:43 p.m.

 (17)  May 5, 2015 at 1:17 p.m.

32. CitiMortgage, Inc., during the phone calls listed above in paragraph 30, continually threatened foreclosure, lawsuits, and bad credit reporting if the Debtor did not make the

demanded payments or agree to a Modification. CitiMortgage, Inc., during the phone calls, also indicated that the Chapter 13 Bankruptcy had no effect on CitiMortgage, Inc. or its remedies.

33. When Debtor filed his Chapter 13 bankruptcy petition in 2014, Debtor believed he would be enjoying the fresh start guaranteed by the U.S. Bankruptcy Code.

34. However, as a direct result of CitiMortage, Inc.'s unlawful conduct, Debtor has been denied his fresh start.

35. Concerned about the violations of his rights and protections afforded by virtue of filing and discharge of the instant Chapter 13 case, Debtor sought the assistance of counsel to ensure that CitiMortgage Inc.'s collection efforts ceased.

36. CitiMortage, Inc. has consistently violated the discharge injunction entered on February 11, 2014 by the U.S. Bankruptcy Court for the Northern District of Illinois.

37. Moreover, as a direct result of CitiMortage, Inc.'s persistent, unlawful conduct, Debtor has experienced extreme emotional distress, loss of sleep, and undue stress and anxiety.

### STANDARD

38. The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

39. Section 362(a)(6), commonly known as the automatic stay, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

40. "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempts to collect pre-petition debts. The automatic stay is designed to give

Debtor breathing space so that they may reorder their affairs." *In re Robinson*, 228 B.R. 75, 80. (Bankr.E.D.N.Y.1998).

41. "As one of the fundamental debtor protections provided by bankruptcy laws, the automatic stay is intended to stop virtually all debt collection efforts, including efforts to take possession of collateral." *In re Bishop*, 296 B.R. 890, 894 (Bankr.S.D.Ga.2003).

42. "The automatic stay and discharge injunction are cornerstones of bankruptcy law. They are, respectively, a fundamental debtor protection and a fundamental debtor objective. The automatic stay assists Debtors in regaining their financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides Debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (Bankr.D Mass.2005).

43. An individual seeking damages under Section 362(h) [amended to 362(k)(1) by BAPCPA] has the burden of establishing three elements by a preponderance of the evidence: (1) that the action taken was in violation of the automatic stay; (2) that the action was willful; and (3) that the violation caused actual damages. *In re Frankel*, 391 B.R. 266, 271 (Bankr.M.D.Penn.2008).

44. A violation of the stay is "willful" when a creditor with knowledge that a bankruptcy petition has been filed commits an intentional act that violates the stay. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003).

45. An individual who has been injured by any willful violation of the automatic stay provisions shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k)(1).

46. Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987).

47. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

48. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill.1994).

49. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect upon discharged debts.

50. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

51. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.3S 687, 692 (7th Cir. 2008).

52. "A creditor must maintain adequate procedures to prevent a violation of the discharge injunction." *In re Nassoko*, 405 B.R. 515, 521 (Bankr.S.D.N.Y.2009).

53. That the attempted collection by CitiMortgage, Inc. of a claim discharged by the plan indicates a intention by CitiMortgage, Inc. to ignore the Bankruptcy Code and continue to collect a discharged debt.

54. "Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987). "Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code." *In re Medlin*, 201 B.R. 188 (Bankr.E.D.Tenn.1996).

### ARGUMENT

55. The actions of CitiMortgage, Inc. are in violation and contempt of the Automatic Stay and Order of Discharge entered by this Honorable Court.

56. The Discharge Order expressly states that "the discharge prohibits any act to collect from the debtor a debt has been discharged."

57. There is no question that the Discharge Order is an unambiguous command.

58. CitiMortgage, Inc., through its repeated efforts to unlawfully collect the subject debt, clearly did not make a reasonable and diligent effort to comply with the Automatic Stay and Discharge Order.

59. CitiMortgage, Inc. repeatedly and unlawfully attempted to coerce the Debtor to pay the subject debt. CitiMortage, Inc.'s conduct represents violations of the automatic stay pursuant to 11 U.S.C. § 362 and discharge injunction pursuant to 11 U.S.C. § 524(a)(2) constituting civil contempt of bankruptcy court orders.

60. CitiMortage, Inc.'s actions in seeking to collect on the subject debt after the Debtor's automatic stay and lawful discharge amounts to a flagrant and willful disregard for the automatic stay as set forth in 11 U.S.C. § 362 and the discharge injunction as set forth in 11 U.S.C. § 524(a)(2).

61. CitiMortage, Inc.'s conduct was persistent and pervasive; it is clear that at no time did CitiMortgage, Inc. implement any systems to prevent its ongoing violation of the Automatic Stay and Discharge Order.

62. It is CitiMortgage, Inc.'s regular business practice to ignore the Automatic Stay and Discharge Order, even after repeated notifications of the Automatic Stay and discharge.

63. The Debtor has experienced extreme emotional distress, loss of sleep, and undue stress and anxiety as a direct result of CitiMortage, Inc.'s persistent violations of the Automatic Stay and Discharge Order.

64. To protect its authority and as well as to give debtors the relief that Congress contemplated, the Court should act promptly and firmly to stop conduct that violates the automatic stay and discharge injunction.

65. In order to protect the spirit of bankruptcy discharges as contemplated by Congress, this Court must impose civil contempt sanctions against CitiMortgage, Inc. for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

**WHEREFORE,** the Debtor having set forth his claims for relief against CitiMortgage, Inc. respectfully pray of the Court as follows:

   a. That this Honorable Court enter an order finding CitiMortgage, Inc. in civil contempt for violations of 11 U.S.C. § 362 and 11 U.S.C. § 524;

   b. That this Honorable Court enter an order directing CitiMortgage, Inc. to pay actual damages in a sum determined by the Court for violations of 11 U.S.C. § 524(a)(2) and 11 U.S.C. § 524;

   c. That this Honorable Court enter an order directing CitiMortgage, Inc. to pay punitive damages in a sum determined by the Court for violations of 11 U.S.C. § 362 and 11 U.S.C. § 524;

   d. That this Honorable Court enter an order directing CitiMortgage, Inc. to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by their attorney for violations of 11 U.S.C. § 362 and 11 U.S.C. § 524; and

  e. That this Honorable Court enter an order granting Debtor such other and further relief as the Court may deem just and proper.

Dated: July 16, 2015          Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq.
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181